UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil No. |
| | : | |
| PEOPLE'S UNITED BANK, CHECKING | : | |
| ACCOUNT #XXXXXX1629, VALUE: $8,696.76; | : | |
| | : | |
| $16,521.25 DOLLARS IN UNITED STATES | : | |
| CURRENCY IN SAFE DEPOSIT BOX #XX1, | : | |
| TD BANK; | : | |
| | : | |
| AND | : | |
| | : | |
| $360.00 DOLLARS IN UNITED STATES | : | |
| CURRENCY, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| [CLAIMANTS: DR. BHARAT PATEL; | : | |
| ILA PATEL] | : | January 8, 2018 |

VERIFIED COMPLAINT OF FORFEITURE

Now comes Plaintiff, United States of America, by and through its attorneys, John H.

Durham, United States Attorney for the District of Connecticut, and John B. Hughes, Assistant

United States Attorney, and respectfully states that

1.     This is a civil action in rem brought to enforce the provisions of 18 U.S.C. §

981(a)(1)(C), which provides for the forfeiture of property which constitutes or is derived from

proceeds traceable to any listed violation of law or any offense constituting "specified unlawful

activity," or a conspiracy to commit such offense; 18 U.S.C. § 981(a)(1)(A), which provides for

the forfeiture of property involved in a transaction or attempted transaction in violation of 18

U.S.C. § 1956, which prohibits the laundering of monetary instruments and financial transactions

designed in whole or in part to conceal or disguise the nature, location, source, ownership, or

control of proceeds of specified unlawful activity, or to avoid a transaction reporting requirement

under state or federal law; and 21 U.S.C. §§ 881(a)(6), which provides for the forfeiture of

proceeds traceable to the exchange of controlled substances in violation of the Controlled

Substances Act, 21 U.S.C. §§ 801 et seq.

        2.        This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and

1355.  Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

        3.        The Defendants are as follows: People's United Bank Checking Account

#XXXXXX1629, Value: $8,696.76; $16,521.25 Dollars in United States currency in Safe

Deposit Box #XX1, TD Bank; and $360.00 Dollars in United States currency (hereafter

collectively referred to as "Defendant Property").

        4.        The Defendant Property is located within the jurisdiction of this Court.

        5.        On October 10, 2017, Dr. Bharat Patel ("Claimant One") submitted an

administrative claim of ownership as to the Defendant Property. Ila Patel ("Claimant Two"), who

is the wife of Claimant One, has not submitted an administrative claim of ownership but is

named as a claimant due to her substantial interest in the Defendant Property. The Defendant

Safe Deposit Box #XX1, TD Bank, containing $16,521.25 Dollars in United States currency, is

held in the name of Ila Patel and Bharat Patel. Ila Patel and Bharat Patel are named as the

account owners of the Defendant People's United Bank Checking Account #XXXXXX1629,

Value: $8,696.76. The Defendant $360.00 in United States currency was seized from the master

bedroom occupied by Ila Patel and Bharat Patel in their residence at 39 Devine Place, Milford,

Connecticut.

## NATURE OF THE ACTION

6.      This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: People's United Bank, Checking Account #XXXXXX1629, Value: $8,696.76; $16,521.25 Dollars in United States currency in Safe Deposit Box #XX1, TD Bank; and $360.00 Dollars in United States currency, for violations of 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 981(a)(1)(A), and 21 U.S.C. §§ 881(a)(6).

## THE DEFENDANT IN REM

7.      The defendants are identified as follows: People's United Bank, Checking Account #XXXXXX1629, Value: $8,696.76; $16,521.25 Dollars in United States currency in Safe Deposit Box #XX1, TD Bank; and $360.00 Dollars in United States currency.

## Background of Investigation

8.      In 2012, the DEA New Haven District Office (NHDO) began investigating Immediate Health Care, a medical practice located at 235 Main Street, Norwalk, Connecticut and owned by Claimant One, Dr. Bharat Patel. In that same year, Claimant One sold the practice to Dr. Ramil Mansourov, who renamed the practice Family Health Urgent Care. Claimant One continued to work at the practice. During the course of the investigation, law enforcement received information that Claimant One was providing numerous illegitimate narcotic prescriptions to certain patients. The Norwalk Police Department concurred that Claimant One was one of the largest prescribers of oxycodone in the area, and noted that individuals addicted to oxycodone would often line up outside of Claimant One's place of business to await prescriptions. Subsequently, the NHDO began an investigation into Claimant One's activities.

9.      The investigation found evidence that Claimant One provided narcotics prescriptions "under the table" to long-term patients in exchange for $100.00 in cash per prescription, and prescribed oxycodone to patients despite his awareness that they were addicted.

10.     In October 2013, a confidential source (CS #1) informed law enforcement that a patient had illegally obtained prescriptions from Claimant One at Family Health Urgent Care. This patient was known by law enforcement to have engaged in large-scale oxycodone and cocaine distribution in the Norwalk, Connecticut area, and in 2014 was convicted on charges of possessing and distributing narcotics and hallucinogens. Claimant One was aware of the patient's history of substance abuse from at least 2014 onward, and noted in his medical records that the patient should not be prescribed any kind of narcotic for pain, as per the instructions of the patient's case manager. Nevertheless, Claimant One continued to prescribe oxycodone to the patient and two of the patient's family members until at least December 2016, writing prescriptions for at least five different names. As the patient was a Medicaid recipient, Connecticut's Medicaid program paid for illegal prescriptions granted in his name. The patient was also observed handing Claimant One or his office staff envelopes of cash.

11.     In 2014, another confidential source (CS #2) informed law enforcement of Claimant One's prescribing practices. CS #2 became addicted to hydrocodone prescriptions issued by Claimant One. When CS #2's health insurance precluded CS #2 from obtaining hydrocodone pills, Claimant One allegedly gave CS #2 hydrocodone pills from his personal stash. After CS #2 overcame addiction and began to lead Narcotics Anonymous Meetings, CS #2 noticed new Narcotics Anonymous members who had seen Claimant One as patients; these patients were eighteen and nineteen years of age and had recently overdosed. Additionally, CS #2 remembered a male patient of Claimant One who overdosed and died in 2014.

12.     In addition to gathering the testimony of confidential sources, law enforcement sent a number of confidential sources into Family Health Urgent Care as patients seeking to obtain prescriptions from Claimant One. The confidential sources included current patients of Claimant One. These confidential sources further confirmed that Claimant One repeatedly

4

prescribed narcotics outside of the scope of legitimate medical practice. Along with providing narcotics prescriptions "under the table" to long-term patients in exchange for $100.00 in cash per prescription, and prescribing oxycodone to patients despite his awareness that they were addicted, Claimant One post-dated narcotic prescriptions for future dates on which he was traveling outside the United States. For example, Claimant One dated a number of prescriptions to appear as though he wrote them between November 30, 2016 and March 7, 2017. Although Claimant One was abroad in India during this period, the dates on the prescriptions allowed Claimant One's patients to "receive" approximately 200 prescriptions, fill these prescriptions, and fraudulently obtain over 12,000 narcotic pills. Many of these prescriptions were fraudulently paid for with Medicaid funds.

13.     On March 24, 2017, law enforcement surveilled a confidential source's meeting with Claimant One at Family Health Urgent Care. During the meeting, Claimant One gave the confidential source (CS #3) six narcotics prescriptions. The six prescriptions were dated to March 24, 2017. However, Claimant One assigned a different fill date to each prescription. One of the prescriptions was legitimate, and was billed to Connecticut State Medicaid; a copy of this prescription was placed in CS #3's medical file folder by the front office staff. All five other prescriptions were illegitimate, and were not placed in CS #3's medical file folder. Claimant One accepted $100.00 from CS #3 for each illegitimate prescription.

12.     Claimant One's prescribing practices further caught the attention of pharmacists. In September 2016, a pharmacist informed law enforcement that he or she had not filled Claimant One's prescriptions for approximately two years, and stated that it was a known fact that Claimant One wrote excessive painkiller prescriptions. In January 2017, a second pharmacist informed law enforcement that Claimant One prescribed pills containing hydrocodone to another

patient, and that the prescription fill dates were written in such close proximity and at such a

dosage as to cause severe bodily harm if actually consumed by an individual.

14.     In March 2016, the Connecticut Office of the Attorney General ("OAG") initiated

an investigation into Dr. Ramil Mansourov's fraudulent Medicaid billing after the Department of

Public Health received an anonymous complaint. During the investigation, it was found that

Claimant One had joined Mansourov in fraudently billing patients for falsified home and office

visits. For example, on three separate dates, Mansourov claimed to have visited a patient at

home, and billed Medicaid for home visits. Meanwhile, Claimant One also billed Medicaid for

office visits on the same dates with the same patient. Neither doctor actually saw on the patient

on those days. Family Urgent Health Care obtained over approximately $40,00.00 in fraudulent

Medicaid billing for this patient alone.

15.     Finally, Mansourov and Claimant One worked jointly to redistribute money that

Family Health Urgent Care obtained from Medicaid into various accounts. For his part, Claimant

One received cash deposits from Medicaid fraud that were used to pay for Claimants' residence

at 39 Devine Place, Milford, Connecticut. Cash deposits were also placed into at least one bank

account shared by the Claimants. It is believed that the Defendant Property represents the

proceeds of such fraud.

16.     Based on the information gathered in this investigation, on July 11, 2017, the

Honorable William Garfinkel, U.S. Magistrate Judge for the District of Connecticut, signed a

Federal Search and Seizure Warrant for the residence of Dr. Bharat Patel, located at 39 Devine

Place, Milford, Connecticut. Judge Garfinkel also signed a Federal Arrest Warrant for Dr. Bharat

Patel for conspiracy to launder monetary instruments, health care fraud, and conspiracy to

distribute and to possess with intent to distribute narcotics.

17.    On July 12, 2017, the Federal Search and Seizure Warrant was executed at the Claimants' residence of 39 Devine Place, Milford, Connecticut. At approximately 7:35 a.m., law enforcement knocked on the front door of the Claimants' residence. Claimant Two, Ila Patel, answered the door. Law enforcement located Claimant One, Bharat Patel, in the residence and placed him under arrest without incident.

18.    During the search of Claimants' master bedroom, law enforcement seized approximately five credit and bank cards, including bank cards representative of the Defendant People's United Bank, Checking Account #XXXXXX1629, Value: $8,696.76. Law enforcement also seized financial documents and a safe deposit bank key for Safe Deposit Box #XX1, TD Bank, containing the Defendant $16,521.25 Dollars in United States currency in Safe Deposit Box #XX1, TD Bank, and an unknown quantity of cash which was later inventoried and found to be the Defendant $360.00 in United States currency. Other items seized from the Claimants' residence were Indian bank account documents, two gold bars, one prescription pad belonging to Bharat Patel, M.D., seven passports, and miscellaneous documents. Among the miscellaneous documents seized from Claimant One's possession was a letter from CVS Pharmacy, alerting Claimant One to his practice of indiscriminately prescribing opioids and asking him to change his ways. Claimant One failed to respond to this letter.

19.    On the same day as his arrest, Claimant One was interviewed by law enforcement, including Assistant United States Attorney Rahul Kale. Claimant One admitted that he sometimes gets directed by the patients as to what to fill out for prescriptions. He also admitted to leaving prescriptions for his patients at Main Avenue Liquor, a liquor store next to Family Health Urgent Care that is owned and operated by Claimant Two. Claimant One stated that patients would leave cash at the store in exchange for the prescriptions. According to

confidential sources, Claimant Two has also been known to sell Xanax over the counter at Main Avenue Liquor.

20.     On July 12, 2017, after the Federal Search and Seizure warrant was executed at the Claimants' residence, the Honorable Joan Margolis, U.S. Magistrate Judge for the District of Connecticut, signed Federal Seizure Warrants for People's United Bank, Checking Account #XXXXXX1629, Value: $8,696.76, and additional accounts not subject to this complaint. On the same day, Judge Margolis signed a Federal Search and Seizure warrant for the TD Bank account and safe deposit box belonging to Bharat Patel.

21.     On the same date as above, law enforcement executed the Federal Seizure Warrant at People's United Bank for the Defendant People's United Bank, Checking Account #XXXXXX1629, Value: $8,696.76.

22.     On July 13, 2017, law enforcement served the Federal Search and Seizure Warrant for the account and safe deposit box belonging to Bharat Patel at TD Bank, 1361 Boston Post Road, Milford, Connecticut. On this date, law enforcement seized the contents of the safety deposit box, including the Defendant $16,521.25 Dollars in United States currency in Safe Deposit Box #XX1, TD Bank.

23.     On July 25, 2017, law enforcement received one People's United Bank cashier's check from Account #XXXXXX1629 in the amount of $8,696.76.

<u>Claims for Relief</u>

24.     Based upon the above information, it is believed that the Defendant Property constitutes property or is derived from proceeds traceable to a violation constituting "specified unlawful activity" and is therefore subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C).

25.     The Defendant Property represents property or proceeds derived from engaging in "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical," and is therefore subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C).

26.     Based on the above information, it is believed that the Defendant Property constitutes property involved in money laundering or attempted money laundering transaction in violation of 18 U.S.C. § 1956, and is therefore subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A).

27.     The Defendant Property represents property or proceeds resulting from the laundering of monetary instruments and financial transactions designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of proceeds of specified unlawful activity, or to avoid a transaction reporting requirement under state or federal law, and is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

28.     Based upon the above information, it is believed that the Defendant Property constitutes proceeds from the illegal sale and distribution of narcotics and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

29.     The Defendant Property represents proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that Warrants of Arrest In Rem be issued for People's United Bank Checking Account #XXXXXX1629, Value: $8,696.76; $16,521.25 Dollars in United States currency in Safe Deposit Box #XX1, TD Bank; and $360.00 Dollars in United States currency; that due notice be given to all parties to appear and show

cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant

Property to be condemned and forfeited to the United States of America for disposition

according to the law; and that the United States of America is granted such other and further

relief as the Court may deem just and proper, together with the costs and disbursements of this

action.


                    Respectfully submitted,

                    JOHN H. DURHAM
                    UNITED STATES ATTORNEY

                    _____/s/ John B. Hughes_____
                    JOHN B. HUGHES
                    ASSISTANT UNITED STATES ATTORNEY
                    CHIEF, CIVIL DIVISION
                    FEDERAL BAR NO.: ct05289
                    157 CHURCH ST., 25th FLOOR
                    NEW HAVEN, CT 06510
                    PHONE NO.: (203) 821-3700
                    FAX: (203) 773-5392
                    EMAIL: john.hughes@usdoj.gov

<u>DECLARATION</u>

I am a Diversion Investigator for the Drug Enforcement Administration, and the agent assigned the responsibility for this case.

I have reviewed the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of January, 2018.


   /s/ Valerie J. Moritz               
VALERIE J. MORITZ
DIVERSION INVESTIGATOR
DRUG ENFORCEMENT ADMINISTRATION